Allen Hammler F73072
P.O. Box 8800
Corcoran, CA. 93212

**FILED**
APR 30 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

In The United States District Court
Eastern District Of California

| | |
|---|---|
| Allen Hammler,<br>Plaintiff, | Case No. 2:20-CV 0884- DMC |
| v., | COMPLAINT<br>42 U.S.C. § 1983 |
| State of California,<br>a Govt. Entity, Cal. Dept. Of<br>Corrections And Rehabili-<br>tation, a Govt. Entity, R. Diaz,<br>K. Clark, E. Parks, M. Gamboa,<br>J. Gallagher, Warden of CSP.S.,<br>City of Corcoran, Co. of Kern,<br>City of Sacramento/Represa,<br>Co. of Sacramento, all Four<br>being Govt. Entitie(s), And<br>10 Executive(s) of each<br>Govt. Entity named being<br>John and Jane Doe(s) (Inclusive),<br>Sgt. J. Navarro, Dr. Pleshchuk,<br>Defendant(s) | Imminent Danger Alleged.<br><br><br><br><br><br><br><br><br><br><br><br>BENCH TRIAL |

## I. Jurisdiction And Venue

This is a Civil Action Authorized by 42.U.S.C. § 1983 to Redress the Deprivation, under color of State Law, of Rights secured by the United States Constitution. This Honorable Court has Jurisdiction under 28 U.S.C. § 1331, and 1343(a)(3). The Plaintiff herein seeks Declaratory Relief under 28 U.S.C. § 2201, and 2202. Plaintiff's Claims for Injunctive Relief are viable under 28 U.S.C. § 2283, and 2284, and Rule 65 of the Federal Rules of Civil Procedures. Supplemental - 28 U.S.C. § 1367(a).

The Eastern District is the appropriate Venue under 28 U.S.C. § 1391(b)(2), as the issues that gave rise to this Action were engendered in Sacramento at CSPS, and at Headquarter for CDCR.

## II. Plaintiff

Plaintiff, Allen Hammler, is and was at all times mentioned herein an Incarcerated Person (IP.) in the Custody of the California Department of Corrections And Rehabilitation (CDCR.). Current address being P.O. Box 8800, Corcoran, CA. 93212.

///

## III. Defendants

1. State of California (State), is a Government entity that acts through individual(s) to establish it's policies and that is capable of being sued under Federal Law,

2. Cal. Department of Corrections And Rehabilitation (CDCR) is a duly Organized Public Entity, Form unknown, existing under the Laws of the State which under Charter is responsible for Supervising and Operating all it's Facilities and ensuring the Health and Safety of all IP(s) Housed in those Facilities,

3. Ralph Diaz, is the Secretary of CDCR., and currently resides in Sacrament,

4. K. Clark, is Warden of CSPC., and resides in Corcoran, 5. E. Parks, is A.W. of CSPC., and resides in Corcoran, 6. M. Gamboa, is A.W. of CSPC., and resides in Corcoran, 7. J. Gallagher, is A.W. of CSPC., and resides in Corcoran, 8. Warden of Cal. State Prison Sacramento (CSPS.) John/Jane Doe 1, resides in Sacramento (SAC.),

9. City of Corcoran, 10. County of Kern, 11. City of SAC./Represa, 12. County of SAC., All Four being Govt. Entities that act through

individual(s) to establish it's Policies and also Operates under Charters is Capable of being Sued under Federal Law,

13. 10 Executive(s) of each Govt. Entity named (60 inclusive) John/Jane Doe(s) being those of the Duty to Determin Policy as a collective or Board of Administrator(s),

14. J. Navarro, Sergeant over Officers, resides in Corcoran, Posted in ASU, 15. Dr. Pleshchuk, resides in SAC, is Employed as superving Psychologist.[1]

All the Defendant(s) are herein Sued in their Official Capacities as Monies are not being Sought, but Declaratory and Injunctive Relief to abate and Cure imminent Danger due to UnConstitutional Policies and Procedures being espoused by each.

At all times mentioned herein, each of the named Defendant(s) were/are duly appointed Executives, Boad Members, Representatives of their Entitie(s) and or Authorized Supervisors, Employers, members of an Oversight Forum, Elected or non-Elected Official subject to State and Federal Charter(s) and Guidlines of Operation, and each acting under the Color of Law, had the Duty in the Course and Scope of their perspective Title(s)

[1] she alone is sued in Individual Capacity for Damages.

to oversee, supervise, Regulate, the Hiring, Conduct, and Employment of each and every other Defendant, and were the Agent(s) of each and every other Defendant to the extent that Law and Charter(s) Governed, and were operating with the Ratification of one and other, being Principal(s) in the First or other, and are all aptly sued herein, For cause.

## IV. Facts

1. Plaintiff, is an IP. who is also a Mental Health Patient and Participant in the CCCMS. Program/Treatment Level of Care. He is a Coleman Class Action Member, and Fore such is being Housed inside a Mental Health Unit that is Tantamount to a Mental Ward, where Correctional Officer(s) (C/O(s)) act as Orderlies to aid Psychologists and other Mental Health Staff in the day to day operations.

2. From at least the date of 5,23,2018 Patients inside the Mental Health Units of the CDCR., at CSPS, and CSPC. have been being -- Abused by C/O(s) via Attacks upon their Persons wherein Physical injuries of Great measure are inflicted, and not Fore being a result of the Patient's effecting some action to necessitate

the acts of C/O(s) but at the illegal initiation of C/O(s) in endeavor to (1) Retaliate against the Patient for some Prior offense, (2) to generate overtime and increase in pay, or (3) to engender incidents to be alluded to in time of Elections and employ in Add,s Aimed at enFluencing the Public to regard their Jobs as Highly or More Hazardous than it is to be a C/O..

3. On date of 5,23,2018 Plaintiff was being escorted to Mental Health Hearing (IDTT.) and in entering a Issolated Area witnessed Patient-IP. Puckett being escorted by C/O(s) when suddenly and without warning one of the C/O(s) violently Pulled him backwards and to the ground, then began Punching him over and over again causing Puckett to scream out in Pain.

4. At the time that this was initiated Puckett was Facing Forward, silently walking and Hand-Cuffed, Hands behind Him. However, it is Plaintiff's belief that Reports related were prepared in false Facts to justify C/O(s) acts and omit to mention the Fact that Plaintiff was present and yelling for C/O(s) to stop their actions, as he has never been interviewed re Complaints related.

5. In reaching IDTT. Plaintiff spoke to the members of the Committee re all the above and informed them that he in being able to Advocate for himself where a great number of his Fellows are of a mental state inept, he would not allow such Beating to go unaddressed while he was there at CSPS..

6. As Plaintiff spoke Defendant Pleshchuk got to her Feet and began to gather her Belongings, appearing to be up-set. Noticably contemptuous she stated "Maybe you need a Lower Level of Care," hinting that due to Plaintiff's voicing his intent to exercise the Right to Lodge Complaints she would Transfer him out if he did as a "Lower Level of Care" would then mandate. Plaintiff told her and all member(s) that if they sought to lower his level of care solely to get rid of him to avoid Complaints they'd be sued. No-one responded, but redirected him with unrelated questioning while Pleshchuk took her leave.

7. On 6,1,2018 Plaintiff was told that his Diagnosis was to be changed which in operation would lead to his Level of Care being lowered. This, after he had just prior to arriving to CSPS., had spent a significant time in the

Crisis Bed-Unit of Cal. Men's Colony (CMC) a Higher Level of Care that evidenced his level of care nor Diagnosis needed changing, and Plaintiff alleges that it was sanctioned to be changed and initiated by Pleshchuk in the Pattern of Conduct she was at that time and date known to employ to avoid complaints, the initiating of Transfering out those via lowering their Levels of Care, whom voiced Concerns. Plaintiff was then Transfered to CSPC.

8. For the Record while there at CSPS. From date of 5,23,2018 to the date of his Transfer Plaintiff on a reguler basis witnessed C/O(s) acting outside the Law and is in retention of a number of Declarations signed by Patients that speak to their being attacked by C/O(s) without warning or Justification and these will be being Presented as Proof of Facts alleged herein.

9. On date of 8,25,2018 Plaintiff arrived at CSPC. and in arriving Found that the same Violent and unnecessary Treatment of Patients was being Sanctioned there and to this date is being allowed to continue operating to place Plaintiff in imminent Danger For Defendant's being Deliberately Indifferent to the obvious and unreasonable Risk that the C/O(s) Conduct

and Pattern of Unconstitutional Behavior is Subjecting Plaintiff to.

10. Plaintiff asserts the Threat to his Safety is longstanding, well Documented by the number of incidents on Record and the Complaints Filed going to the Cookie Cut Facts of each seprate instance, to Point that the news Station in 2019 Reported on the number of Complaints being engendered alludes to the issues being pervasive and within the knowledge of each of the Defendants For cause to preclude their Declaring ignorance

11. Plaintiff, on the date of 4,29,2019 at 1:35 pm witness a Patient inside 4AIR. Hallway while seated in a chair, Hand-cuffed Hands behind him, and wearing a spit-mask be suddenly -- Punched in the face twice by Sgt. Burnes and then thrown to ground and Beaten, Kicked, etc. For over 2 minutes, litarally. C/o Hernandez aiding him and others Plaintiff did not recognize, to Point that C/o Cruz and supervising Psychologist K. Kyle had to clean Blood spatter up with Towells that had Flew some distance away From where the attack had taken place. It Should be noted that the Alarm was mandated to be sounded at the start of the incident

1 but was not activated until after they had
2 stopped Beating the Patient. A Pregnant C/O Sanchez
3 being hands Free watched from the office and
4 did not sound the Alarm, nor did the Femal Sgt.
5 who just paced back and Forth while it all took
6 place.

8  12. Then on date of 5,20,2019 at 9:30 am
9 Burnes, Cruz, Romero, Topora..., Alejo and a number
10 of other(s) without cause entered Patient
11 Robinson's Cell in 4A1R. Beating him Bloody without
12 Sounding Alam. Then in escorting Robinson From
13 the Cell Alejo intentionally and with Great
14 Violence and Force Banged Robinson's Head against
15 a Concreat Piller while he was Hand-cuffed Hands
16 behind him and not resistive.

18  13. On or about the date of 1,12,2020 at or
19 about 8:00 am Plaintiff witnessed Defendant
20 Navarro Escorting a Patient From his Cell who
21 was not in any way resisting or posing threat
22 to him, being Hand-cuffed behind and Defensless
23 have Navarro Suddenty and without warning
24 throw him to the Ground and into a Blind spot
25 where he repeatedly Punched him while Villa, and
26 HC. Escort Aguirre stood just watching, failing
27 to sound the Alarm until after Navarro had
28 stopped his attack. Other incident(s) of the

the Kind have occurred in large number and continues to occur to date, and Fore Navarro's informing Plaintiff on date of 1,14,2020 that he would receive the same for expressing concerns re the attack Plaintiff is at risk of attack imminently.

14. Plaintiff alleges that where these Kind of incidents are being manufactured to generate overtime and Official Documents are being falsified in the course to cover up the C/O(s) initiation of the occurrences these are Fraudulent Acts in violation of RICO Act as the CDCR. Operates under Charter(s) of the State and Federal Government Guidelines, and where Defendant Navarro has declared to Plaintiff that he does not care about being sued Fore no monies are charged him, and he "[M]akes six Figgures. I dont want to be Promoted..." Fore his Position allowing him to manufacture overtime the Risk is likly to continue But- For Injunctive Relief of this Court.

15. At all times mentioned herein each of the named Defendant(s) actions and omissions were intentional, Malicious, wanton, sadistical, Unjustifiable, and Oppressive to the point of Converting Plaintiff's living Conditions to--

Atypical, were taken or intentionally not taken in Knowing violation of Plaintiff's Eighth Amendment Right to Safe Conditions, and For no Penological reason that can be alluded to, nor such Goal in mind, all being Deliberately Indifferent.

16. Plaintiff alleges that each of the named Defendant(s) were and are to date Deliberately Indifferent in Knowing that their supervisees, Employees, and or those they've been entrusted to oversee the Conduct of had the Propensities that they have exhibited in Attacking Patient(s), and then Failing to Protect, or take steps to Protect Plaintiff From such Brutal, and Deplorable -- Attacks, where Official Documentation alludes to it being necessary, Defendants are called actor(s), integral Participants for santioning the Conduct, where if they did not agree they would be reasonably expected to act to stop it.

## V. Legal Claims

1. Claim No. One: Viol. Of 1st Amend. Retaliation, Retalitory Transfer.

Plaintiff incorporates by reference Paragraphs 1-16, Supra, as Fully set Forth For cause, but --

adds that though a complete chilling effect did not engender, in having his Level of Care Lowered and then Transfered thereby, all being initiated Fore his exercising Free speech this under the Case of <u>Rhodes v. Robinson</u>, 403 F.3d 559, 568 n.11 (9th Cir. 2005) and the Standard therein meet the Element.

    2. Claim No. Two: Viol. OF 8th Amendment, Deliberate Indifference.

    Plaintiff incorporates by reference Paragraphs 1-16, supra, as Fully set Forth For cause, but -- adds that the Risk is on-going, as while here writing this Pleading in instance of writing the Case of <u>Rhodes</u>, Supra, Plaintiff listened[1] while C/O(s) Fugate (Bigger of two Fugate(s) Brothers), Fugate #2, Neve, Valincia, and Martinez threatened to beat a Patient name of Morris, or something like, if he exits his cell for yard and made statements to him "Do I look like I stick my Fingers up my Ass like you," said Fugate in hope to inflame the Patient. These C/O(s) left and went back twice saying things, encouraging him to allow them to Cuff him to be escorted to Rec-yard, Daring him, that they **could** Attack him in Cuffs, Hoping his mental state would allow him to be so Foolish to Feel he need prove himself a

---

[1] Saturday, 4,25,20 at 7:30 am.

man via showing them he's not afraid of being Beaten as many Patients have come to accept the Beatings at the hands of the Cowards hiding in a Hero's Uniform.

## VI. Exhaustion

Exhaustion of Administrative Remedies is -- Complete, see Health Care 602 # SAC-HC-18001458, and CSPC-7-20-1249.

## VII. Prayer For Relief

WHEREFORE, Plaintiff Prays that the Court Enter Judgment Granting Plaintiff:

1. $10,000,000 General, and another in Punitive on Claim No. One alone.

2. Injunctive Relief to have Plaintiff be Placed on Video Escort while the Case is being Litigated to deter Attack on him.

3. Declaratory Relief, in Ordering/Mandating that all CDCR. ASU/PSU Housing Units used For Housing Mental Health Patient have mounted Video Camera(s) that cover all areas, leaving no Blind-Spot, Record 24/7, and automattically download

to a Back-up server where Footage is Kept For a period of time no less than Seven Years.

4. For Cost of Bringing this Action to include Investigative, Claricle, Paralegal Service(s), Closing Costs, and any Atty. Fee incured it there be in the Course.

Date: 4,25,2020    Respectfully Submitted,
                   Allen Hm

Verification

I, Allen Hammler, Plaintiff in this Action have read the Foregoing Complaint and hereby Verify that matters Alleged herein are true and are Correct, except as to those Alleged on information and Belief, and as to those I Believe them true. I Certify/Swear under the penalty of Perjury that the Foregoing is true and Correct

Date: 4,25,2020    Allen Hm

15 of 16

Hammler

V.

State, et al.

Case Number:

PROOF OF SERVICE

I hereby certify that on **4, 25, 2020**, I served a copy of the attatched *Complaint under §1983* by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at *Corcoran* :

(List name and address of each defendant or attorney served)

U.S. Dist. Ct.
Eastern Dist. of Cal.
501 "I" Street, Sta. #-200
Sacramento, CA 95814

I declare under penalty of perjury that the foregoing is true and correct.

_Allen Hammler_
(Signature of person completing service)

16 of 16

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __Allen Hammler__, declare:

I am over 18 years of age and a party to this action. I am a resident of __CSPC__, _____ Prison,

in the county of __Corcoran__,

State of California. My prison address is: __P.O. Box 8800, Corcoran, CA. 93212__

On __9,3,19   (C.B.A. 9/11)__   AH 4/25/2020   (DATE),

I served the attached: AH 4/25/20 __Notice Of Appeal, Submission For Review, Request To File new Case, and Complaint 16 pages__ (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows: __U.S. Dist. Ct. Eastern Dist. of Cal. 501 "I" St. ste. 4-200, Sacramento, CA. 95814__

4/25/20 AH
~~U.S. Dist. Court
Southern Dist. Of Cal.
333 W. Broadway #420
San Diego CA. 92101~~

~~Cal. Atty. Gen. Office
300 S. Spring St. #1702
Los Angeles, CA. 90013~~

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on __AH 4/25/2020   9,3,19__ (DATE)    __Allen H__ (DECLARANT'S SIGNATURE)

K:\COMMON\CSA\FORMS\P_PRFSVC.WPD August 21, 2000 (2:11pm)