1
2
3
4
5
6
7
8       **IN THE UNITED STATES DISTRICT COURT**
9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   ALLEN HAMMLER,                          No.  2:20-CV-0884-TLN-DMC-P

12                    Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   R. PLESHCHUK, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is Defendants' Motion to Revoke Plaintiff's *in forma*

19   *pauperis* (IFP) Status.  See ECF No. 35.  Defendants argue that dismissal of Plaintiff's prior

20   complaints has accumulated 'three strikes' under the Prison Litigation Reform Act (PLRA), and

21   the exception of imminent danger does not apply.  See ECF No. 35-1, pg. 1.  Thus, Defendants

22   argue Plaintiff should not be entitled to proceed *in forma pauperis* in this action.  Id.

23

24                          **I.  PROCEDURAL HISTORY**

25          On April 30, 2020, Plaintiff filed his original complaint.  See ECF No. 1.

26   Thereafter, the Court screened Plaintiff's original complaint and provided Plaintiff an opportunity

27   to file a first amended complaint.  See ECF No. 11.  Plaintiff alleged the violation of his First and

28   Eighth Amendment rights against multiple defendants.  Id. at 2-3.  The Court dismissed the listed

                                          1

defendants, except Defendants Pleshchuk and Navarro, for conclusory allegations that provided no causal link against the alleged constitutional violations.  Id. at 3-4.  The Court determined that Plaintiff stated a cognizable First Amendment retaliation claim against Defendant Pleshchuk when he changed Plaintiff's diagnosis to result in a lower level of care.  Id. at 5.  Furthermore, the Court determined that Plaintiff stated a cognizable Eighth Amendment claim against Defendant Navarro.  Id. at 6.  Plaintiff alleged that Defendant Navarro threatened to harm him, thereby, placing him in fear of imminent attack.  Id.  Plaintiff has not suffered physical harm yet, but asserted that others have been harmed, which has caused sufficient apprehension for his own safety. Id.  The Court read the complaint liberally and provided Plaintiff the opportunity for amendment to further specify Defendants Pleshchuk's and Navarro's conduct that violated his constitutional rights.  Id. at 6-7.

Plaintiff filed multiple motions for an extension on the amended complaint as well as a request for a copy of the original complaint.  See ECF Nos. 12, 14, 17.  Plaintiff was granted numerous extensions.  See ECF Nos. 13, 15, 19.  Without amendment, Plaintiff provided notice of his intent to proceed on his cognizable claims.  See ECF No. 20.  On Plaintiff's election to proceed on the cognizable claims, service was initiated on Defendants Pleshchuk and Navarro. See ECF No. 22.  Defendant Pleshchuk moved to revoke Plaintiff's IFP status.  See ECF No. 35. Defendant Navarro joined Defendant Pleshchuk's Motion to Revoke IFP status.  See ECF No. 36. Plaintiff opposed Defendants' motion and stated that he lacked safe conditions as required by the Eighth Amendment.  See ECF No. 41, p. 1.  Plaintiff alleged "imminent danger" and continued abuse in all contexts and manner as discussed in his pleading. Id. at 1-2.  Plaintiff requested the Court to take judicial notice of Hammler v. Lyons, No. 1:19-CV-1650-AWI-GSA (E.D. Cal.). Id.

## II.  DISCUSSION

In the pending motion, Defendants argue: (1) Plaintiff has filed nine actions or appeals that warrant the revocation of IFP status under the "three strikes" rule of U.S.C. § 1915(g); and (2) Plaintiff does not fall into the exception of imminent danger when he filed this action.  See ECF No. 35, p. 1.  Therefore, Plaintiff's IFP status should be revoked in this action.

1    **A.    <u>This Court May Take Judicial Notice</u>**

2            The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of

3    matters of public record.  <u>See</u> <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d 883, 894 (9th Cir. 2008).

4    Thus, this court may take judicial notice of state court records, <u>see</u> <u>Kasey v. Molybdenum Corp.</u>

5    <u>of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, <u>see</u> <u>Chandler v. U.S.</u>,

6    378 F.2d 906, 909 (9th Cir. 1967).

7            The documents submitted to the Court in Defendants' exhibits are comprised of

8    federal court records.  <u>See</u> ECF No. 37-2, 37-3.  Because the Court may take notice of federal

9    court records, judicial notice of the documents submitted by Defendants is appropriate.

10   **B.    <u>Plaintiff Has More Than Three Prior Strikes</u>**

11           The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as

12   follows:

13   > In no event shall a prisoner bring a civil action . . . under this
     > section if the prisoner has, on three or more prior occasions, while
14   > incarcerated or detained . . ., brought an action . . . in a court of the
     > United States that was dismissed on the ground that it is frivolous,
15   > malicious, or fails to state a claim upon which relief may be
     > granted, unless the prisoner is under imminent danger of serious
16   > physical injury.

17   > <u>Id.</u>

18           Thus, when a prisoner plaintiff has had three or more prior actions dismissed for

19   one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding *in*

20   *forma pauperis* unless the imminent danger exception applies.  The alleged imminent danger

21   must exist at the time the complaint is filed.  <u>See</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1052 (9th

22   Cir. 2007).  A prisoner may meet the imminent danger requirement by alleging that prison

23   officials continue with a practice that has injured him or others similarly situated in the past, or

24   that there is a continuing effect resulting from such a practice. See <u>Williams v. Paramo</u>, 775 F.3d

25   1182, 1190 (9th Cir. 2014).

26   / / /

27   / / /

28   / / /

1          Dismissals for failure to exhaust available administrative remedies generally do

2   not count as "strikes" unless the failure to exhaust is clear on the face of the complaint.  See

3   Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).  Dismissed habeas petitions do not count

4   as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Where,

5   however, a dismissed habeas action was merely a disguised civil rights action, the district court

6   may conclude that it counts as a "strike."  See id. at n.12.

7          When in forma pauperis status is denied, revoked, or otherwise unavailable under

8   § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the

9   action upon pre-payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth

10  Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after

11  finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128

12  F.3d 1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than

13  simply providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the

14  plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the

15  Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded

16  that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"

17  provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant

18  an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated

19  that the appellant "may resume this appeal upon prepaying the filing fee."

20         This conclusion is consistent with the conclusions reached in at least three other

21  circuits.  In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status

22  under § 1915(g) mandated dismissal.  See 284 F.3d 1234 (11th Cir. 2002).  The court specifically

23  held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because

24  "[h]e must pay the filing fee at the time he initiates the suit."  Id. at 1236 (emphasis in original).

25  The Fifth and Sixth Circuits follow the same rule.  See Adepegba v. Hammons, 103 F.3d 383 (5th

26  Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

27  / / /

28  / / /

4

In the motion and joinder, Defendants argue the following cases constitute prior "strikes" which preclude Plaintiff from proceeding *in forma pauperis* in this instant action:

> <u>Hammler v. Hudson</u> (Hammler I), No. 2:16-CV-01153 (E.D. Cal.) – Dismissed for failure to exhaust administrative remedies clearly on it's face.

> <u>Hammler v. Director of CDCR</u> (Hammler II), No. 1:17-CV-00097 (N.D. Cal.) – Dismissed for failure to state a claim.

> <u>Hammler v. Director CDCR</u> (Hammler III), No. 2:17-CV-01949 (E.D. Cal.) – Dismissed as duplicative and frivolous.

> <u>Hammler v. Kernan</u> (Hammler IV), No. 3:18-CV-01170 (S.D. Cal.) – Dismissed for failure to state a claim and frivolous.

> <u>Hammler v. Hough</u> (Hammler V), No. 3:18-CV-01319 (S.D. Cal.) – Dismissed for failure to state a claim and frivolous.

> <u>Hammler v. Hough</u> (Hammler VI), No. 19-55732 (9th Cir.) – Appeal dismissed as frivolous.

> <u>Hammler v. Kernan</u> (Hammler VII), No. 1:19-CV-00497 (E.D. Cal.) – Dismissed for failure to state a claim.

> <u>See</u> ECF No. 35-1, pgs. 4-11.

Defendants have provided the Court with relevant portions of the record for each of these cases, which the Court may judicially notice.  <u>See</u> <u>Chandler</u>, 378 F.2d 906, 909 (9th Cir. 1967).  The Court agrees with Defendants that these cases constitute three or more prior "strikes" under the PLRA; <u>see also</u> ECF No. 35-1, 35-2, 35-3 (Exhibits 1-A to 9-I). (Defendants' Request for Judicial Notice).

        1.    *Hammler I*

In <u>Hammler I</u>, the court evaluated Plaintiff's two relevant grievances, SACS 15-01400 (SACS) and HDSP-15-02033 (HDSP), concerning his complaint.  <u>See</u> ECF No. 35-2, pg. 218.  The court determined that the SACS grievance did not pursue all levels of review before filing a complaint with the federal court.  Alternatively, the HDSP grievance was not accepted due to untimely filing.  <u>Id.</u>  Therefore, Plaintiff has failed to exhaust administrative remedies prior to bringing the complaint.  Because the failure to exhaust was clear on the face of the complaint, the Court agrees with Defendants and finds that the dismissal of <u>Hammler I</u> constitutes a prior "strike."  <u>Richey</u>, 807 F.3d at 1208.

1          2.     *Hammler II*

2          The court dismissed <u>Hammler II</u> for lack of prosecution and failure to comply with

3  court rules and orders.  <u>See</u> ECF No. 35-2, pgs. 255-57, 260.  The court had granted Plaintiff

4  leave to amend, finding that the original complaint did not state a claim upon which relief can be

5  granted.  <u>See</u> <u>id.</u>  Plaintiff failed to file an amended complaint within the time provided and the

6  court dismissed the action.  <u>See</u> <u>id.</u>  The Court finds that the dismissal of <u>Hammer II</u> constitutes a

7  prior "strike."  <u>See</u> <u>Harris v. Mangum</u>, 863 F.3d 1133, 1142-43 (9th Cir. 2017)/

8          3.     *Hammler III*

9          The court dismissed <u>Hammler III</u> as duplicative of a prior action.  <u>See</u> ECF No.

10  32-2, pgs. 321-35, 386-92, 462-65, 633-41.  The Court disagrees with Defendants and finds that

11  <u>Hammer III</u> does not constitute a prior "strike."  <u>See</u> <u>Lewis v. Livingston</u>, 2021 WL 1788390, at

12  *1-2 (N.D. Cal. 2021) (noting that "the Ninth Circuit has expressly recognized that a duplicative

13  suit is either frivolous or malicious, and thus the dismissal of such a suit qualified as a strike

14  under the PLRA").

15          4.     *Hammler IV*

16          The court dismissed <u>Hammler IV</u> as duplicative of prior actions and for failure to

17  state a cognizable retaliation claim.  <u>See</u> ECF No. 35-2, pgs. 814-20; No. 35-3, pg. 2.  The Court

18  agrees with Defendants that this dismissal also counts as a prior "strike."  <u>See</u> 28 U.S.C. §

19  1915(g).

20          5.     *Hammler V*

21          The court dismissed <u>Hammler V</u> for failure to state a claim for violation of the

22  First or Fourteenth Amendments.  <u>See</u> ECF No. 32-3, pgs. 40-55. The Court agrees that this

23  dismissal counts as a prior "strike."  <u>See</u> 28 U.S.C. § 1915(g).

24          6.     *Hammler VI*

25          After <u>Hammler V</u> was dismissed in the district, plaintiff's appeal to the Ninth

26  Circuit became <u>Hammler VI</u>. <u>See</u> ECF No. 32-3, pgs. 114-29.  The district court certified that the

27  appeal was not taken in good faith.  <u>See</u> <u>id.</u>  The Ninth Circuit then ordered the plaintiff to show

28  cause why his appeal should not be dismissed as frivolous.  <u>See</u> <u>id.</u>  Ultimately, the appellate

1    court found the appeal was frivolous and dismissed it as such.  See id.  The Court agrees with

2    Defendants that the Ninth Circuit's dismissal of Hammler VI constituted an additional "strike."

3    See Ellis v. Wash. State Dep't of Corr., 2015 WL 5306257, at *1 (W.D. Wash 2015) ("Dismissal

4    of an action and the subsequent dismissal of the appeal as frivolous amount to two separate

5    strikes").

6                    7.    *Hammler VII*

7                    This case was dismissed by the district court for failure to state a claim.  See ECF

8    No. 32-3, pgs. 203-09.  The Court agrees with Defendants that this dismissal also counts as a

9    "strike" under the PLRA.  See 28 U.S.C. § 1915(g).

10    C.    **The Imminent Danger Exception Does Not Apply**

11                    Defendants contend that the imminent danger exception affords Plaintiff no relief

12    in Plaintiff's quest to retain IFP status.  See ECF No. 35-1, pg. 12.  According to Defendants:

13
14                    Plaintiff's Complaint does not establish the requisite danger.  As
         noted, Plaintiff alleges that from May 23, 2018, to the date of his
15       Complaint (signed April 25, 2020), inmates at SAC and COR were
         "abused by C/O(s) via attacks wherein physical injuries of great measure
16       are inflicted." (Compl. at 5).  The Complaint mentions a handful of
         specific instances of alleged assaults and threats to inmates by correctional
17       staff at the prisons over that nearly two-year period, but Plaintiff does not
         allege that he himself has been assaulted.  (*Id.* at 5-14).  The Complaint
18       includes a conclusory claim that "Imminent Danger [Is] Alleged" on its
         cover and a few passing references to the term, but the only specific
19       allegations of imminent danger to Plaintiff personally relates to the alleged
         threat by Defendant Navarro.  (*Id.* at 1, 4, 8, 10-11).  As discussed below,
         courts routinely reject assertions of imminent danger based on such
20       allegations.
                    First, Plaintiff's allegations concerning SAC refer to alleged events
21       from nearly two years before the Complaint was filed (*See* Compl. at 5-8).
         But "[t]he 'imminent danger' exception cannot be triggered solely by
22       complaints of past harm." *Black v. Le*, No. 3:18-CV-02771-GPC-BLM,
         2019 WL 211976, at *2 (S.D. Cal. Jan. 16, 2019) (citing *Cervantes*, 493 F.
23       3d at 1053); *Parker v. Montgomery Cty. Corr. Facility/Bus. Office
         Manager*, 870 F. 3d 144, 154 n.12 (3d 2017)); *see e.g. Malone v. Beard*,
24       No. 2:14-CV-2096-KJN-PTE MP, 2016 WL 801544, at *3 (E.D. Cal.
         Mar. 1, 2016) (finding no imminent danger alleged where alleged events
25       occurred over two years prior to the complaint's filing, at a prison from
         which the plaintiff has been transferred).
                    Notwithstanding conclusory assertions otherwise (*e.g.* Compl. at 8-
26       9), allegations of harm to other inmates at COR fail to establish that
         Plaintiff himself was in imminent danger. *See, e.g.*, *Blackwell v. Jenkins*,
27       No. 2:19-CV-04442-TLN-DBP, 2021 WL 825747, at *3 (E.D. Cal. Mar.
         4, 2021) ("Plaintiff's complaint includes an allegation that plaintiff
28       witnessed defendant assault another inmate.  However, the alleged assault

of another individual is not sufficient on its own to support plaintiff's claim that he is in imminent danger of serious physical injury". (citation omitted)), *report and recommendation adopted*, 2021 WL 1401836 (E.D. Cal. Apr. 14, 2021).

Nor does a single alleged verbal *threat* of assault by Defendant Navarro—the only alleged misconduct at COR directed at Plaintiff personally—establish imminent danger. Navarro allegedly suggested he could potentially assault Plaintiff at some unspecified future date. That lone threat was allegedly made on January 14, 2020, over three months before Plaintiff signed his Complaint, and was not followed by further threats or allegations that the threat was carried out. These allegations fail to establish a real risk of any injury in the future. *See, e.g.*, *Gonzales v. Castro*, No. 1:09-CV-01545-AWI-MJS PC, 2010 WL 2471030, at *2 (E.D. Cal. June 9, 2010) ("[P]laintiff alleges one assault followed by a threat without any specific acts towards carrying it out. . . . Plaintiff has not alleged facts that satisfy the standard set forth in 28 U.S.C. § 1915(g) . . . ."), *report and recommendation adopted*, 2010 WL 3341862 (E.D. Cal. Aug. 25, 2010).

Finally, the only allegations concerning Defendant Pleshchuk involve her participation at a hearing and her (speculated) involvement in the subsequent reduction in Plaintiff's level of mental health treatment. (Compl. at 7-8.) Like the other allegations concerning events at SAC, this alleged conduct took place nearly two years before the Complaint was filed and thus cannot establish imminent danger for the reasons already discussed. Regardless, Plaintiff does not even attempt to tie Defendant Pleshchuk to any alleged *physical* danger that he faced. *See, e.g.*, *Womack v. Baughman*, No. 17-CV-2708 TLN KJN P, 2019 WL 1745873, at *2 (E.D. Cal. Apr. 18, 2019) (finding that allegations of similar retaliatory conduct were "too vague and attenuated to demonstrate plaintiff was at risk of imminent harm at the time he filed the instant action").

ECF No. 25-1, pgs. 12-14.

Plaintiff responded in opposition that he was in "imminent danger" and faced continued abuse in all contexts and manner as discussed in his pleading. See ECF No. 41, p. 1-2. Plaintiff requested the Court to take judicial notice of Hammler v. Lyons, No. 1:19-CV-1650 (E.D. Cal.). Id. This case did not list Pleshchuk and Navarro as defendants nor does his Opposition. Plaintiff's Opposition provides no assertion of facts or even mentions Defendants Pleshchuk and Navarro attributing to the 'imminent danger'.

The Court agrees in part with Defendants. The imminent danger must exist *at the time the complaint is filed*. See Andrews, 493 F.3d 1047, 1052 (9th Cir. 2007) (emphasis). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams, 775 F.3d 1182, 1190 (9th Cir.

8

1    2014).

2         At the time of Plaintiff's complaint, Defendant Navarro threatened to harm him,

3 thereby, placing him in fear of imminent attack.  See ECF No. 11, pg. 6.  Furthermore, Plaintiff

4 faced sufficient imminent danger when he witnessed first-hand other inmates assaulted and

5 threatened as well.  The Court emphasizes that the 'imminent danger' exception applies *at the*

6 *time of filing* and can be triggered without physical harm imposed on the complainant.  However,

7 the Court stated in the screening order that his complaint was read liberally.  See ECF No. 11, pg.

8 6-7.  The Court required Plaintiff to assert more facts regarding Defendants Pleshchuk and

9 Navarro' specific acts, but Plaintiff proceeded with his original complaint.  Even in Plaintiff's

10 Opposition, he did not assert more facts providing a causal link between Pleshchuk and Navarro

11 and the alleged danger that created the "imminent danger" at the time of filing and ongoing.

12         When applying § 1915(g)'s "imminent danger" exception, the Ninth Circuit has

13 agreed with several other circuits "on two pertinent points: Prisoners qualify for the exception

14 based on the alleged conditions at the time the complaint was filed.  And qualifying prisoners can

15 file their entire complaint [*in forma pauperis*]; the exception does not operate on a claim-by-claim

16 basis or apply to only certain types of relief." Andrews, 493 F.3d 1047, 1052 (9th Cir. 2007).

17 Further, a prisoner's complaint can demonstrate "imminent danger" by alleging "an ongoing

18 danger." Id. at 1056-57 (holding that "a prisoner who alleges that prison officials continue[d] with

19 a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing

20 danger' standard."). The Ninth Circuit noted that its holding "is quite narrow: [the Court holds]

21 only that the district court should have accepted [the plaintiff's] lawsuit without demanding an

22 upfront . . . payment based on the allegations appearing on the face of the complaint." Id. at 1050.

23         Lastly, the Court has identified that Plaintiff plainly stated "imminent danger" in

24 his opposition in order to retain IFP status.  See ECF No. 41, p. 1-2.  Again, there are no specific

25 facts asserted to bolster his claim against Defendants Pleshchuk and Navarro.  Plaintiff has

26 merely declared the phrase "imminent danger" to proceed with his claim.  Therefore, Plaintiff

27 does not allege a danger which was imminent as of the date he filed his complaint in April 2020,

28 see Andrews, 493 F.3d at 1055, and because Plaintiff does not allege a continuing practice or

1  effect or prior misconduct, see Williams, 775 F.3d at 1190, the imminent danger exception does

2  not apply in this case to preserve Plaintiff's ability to proceed *in forma pauperis*.

3

4                                    **III.  CONCLUSION**

5          Based on the foregoing, the undersigned recommends that Defendants' motion to

6  revoke Plaintiff's IFP status, ECF No. 35, be granted, Plaintiff's motion for screening, ECF No.

7  46, be denied as moot, and that this action be dismissed without prejudice.

8          These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

10 after being served with these findings and recommendations, any party may file written objections

11 with the Court.  Responses to objections shall be filed within 14 days after service of objections.

12 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

13 Ylst, 951 F.2d 1153 (9th Cir. 1991).

14

15 Dated:  November 8, 2022

16                                        _____
                                         DENNIS M. COTA
17                                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28